Fecteau, J.
This is an action brought by the plaintiff under the provisions of G.L.c. 258, §2, alleging that due to the negligence of employees of the defendant, a public employer as defined in the statute, the minor plaintiff was injured. Specifically the plaintiff alleges that the defendant allowed a fifth grade class to be unsupervised for an unreasonably long period of time behind closed doors, that one student was permitted to run in the aisles, bumping into another student who then fell into the minor plaintiff, causing her to fall and fracture her arm. The defendant has filed a motion for summary judgment contending that the plaintiffs action comes within the “discretionary function" exception to the Tort Claims Act, under the provisions of G.L.c. 258, § 10(b), and/or the exception barring recovery for the failure of a public employer “to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious act of a third party, unless originally caused by the public employer or persons acting on its behalf,” under Section 10(j) thereof.
The record discloses that due to the weather, the minor plaintiff and her fifth-grade classmates, as well as other classes of students, were kept inside their classroom during a recess period. While an adult teacher’s assistant was present for most of the period, during which period the assigned teacher was on her only break, it is uncontroverted that the aide had to leave to visit the rest room. As she did so, she informed one of the three teachers or aides that were assigned recess supervision, located in the hallway, of her need to leave temporarily. There was an unwritten policy that when such a need arose, and no adult assigned to that class was in the classroom, the doors to the classroom were to remain open. During the aide’s absence, one of the classmates of the minor plaintiff closed the door and began to run in the aisles. He ran or bumped into another student who was caused to fall into the minor plaintiff, causing her to fall and injure herself. While it is hearsay, some students are said by the plaintiff to have told her that the door may have been closed five to ten minutes. What is also uncontroverted is that the door was closed for a period of time.
The plaintiff recognizes the “discretionary function” exception to the liability of a public employer, but *514 contends that the defendant having permitted a class of 10-year-old schoolchildren to be left unsupervised in a classroom during an indoor recess, and allowing the classroom door to become and remain closed for a period of time that might have been as long as five to ten minutes does not involve the same kind of discretion and decision-making that is involved in determining the number of adult monitors or their location and that the condition resulting in injury to the minor plaintiff was originally caused by the defendant, in that it was foreseeable that such schoolchildren left unattended would become unruly and with injury likely. “Discretionary function” has been described, in Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211 (1983), as follows: “[i]f the public employee is required to decide and act without fixed or readily ascertainable standards to fall back upon, that act is a discretionary function . . . Conversely, if there is a readily ascertainable standard by which the action of the government servant may be measured, whether that standard is written or the product of experience, it is not within the discretionary function exception ... It is the nature of the governmental act, not the care with which it is performed, that determines whether the exception applies.” At 215. Given the summary judgment record that includes evidence of a policy, albeit unwritten, that requires the doors of classrooms to remain open during indoor recess, there exists a genuine issue of material fact as to whether there was negligence in the failure to follow an established policy, as opposed to the exercise or abuse of discretion in deciding the best approach to the supervision of this situation. As it was stated in Bencic v. Malden, 32 Mass.App.Ct. 186 (1992): “nothing in the record indicates that the defendant was charged with or had assumed any specific duties respecting [the student’s] deportment or that any individualized policies or plans for supervising [his] behavior had been established. Consequently, the defendant’s management of [the student’s] behavior falls within the wide discretion granted to school officials in maintaining discipline and decorum.” At 188-89. Here, the record reveals an established standard. The inquiry herein will not involve the policy-making as to the proper number of recess monitors or their proper location or other governmental decision-making or planning but rather shall be limited to the care in following the standards that were already created by the making of policy decision or planning. Therefore, as a matter of law, under and limited to the particular circumstances of this case, the discretionary function exception does not include the allegations of the plaintiff based upon a negligent failure to comply with a policy requiring classroom doors to remain open during periods of indoor recess in the absence of an adult monitor in the classroom.
With respect to the defendant’s contention that the §10(j) exception applies to the facts herein, given the plaintiffs claim that can be read to include a negligent failure to prevent a harmful consequence from the tortious conduct of a third party not originally caused by the defendant, given an obvious purpose behind the “open-door” policy described above, understanding the inclinations of children of immature judgment, a genuine issue of fact exists as to whether the failure to observe the policy created the condition which led to the injury, also foreclosing summary judgment.
Therefore, for the foregoing reasons, the defendant is not entitled to summary judgment and its motion must be, and hereby is, denied.